The State v. Wilson.

## THE STATE v. WILSON, *Appellant.*

1. **Grand Juror, Discharge of**: PLEA IN ABATEMENT. It is compe-
tent for the court to discharge a grand juror who had qualified but
failed to attend, and order a new grand juror to be summoned and
substituted for him. R. S., sec. 2787. Such action constitutes no
ground for a plea in abatement.

2. **Change of Venue**: DISCRETION OF TRIAL COURT. Where the
court hears evidence for and against an application for a change of
venue in a criminal case, based upon the ground of the prejudice of
the inhabitants of the county against the defendant, its action upon
the application is final, unless it is shown that it abused its discre-
tion.

3. **Practice, Criminal**: CONTINUANCE. It is not error to deny an ap-
plication for continuance where it shows the exercise of no diligence
on the part of defendant in preparing for trial.

4. ——— : ———. An application for continuance, based upon the
ground of the absence of material witnesses, which fails to comply
with the requirements of the statute (R. S., sec. 1884), by setting
forth the probability of procuring the testimony of such witnesses
and the time within which it may be done, is defective and properly
denied.

5. ——— : ——— : DISCRETION OF COURT. Granting and refusing ap-
plications for continuance are matters always resting largely in the
discretion of the trial court, and unless it clearly appears that such
discretion has been unsoundly exercised the Supreme Court will not
interfere.

6. ——— : JUROR, QUALIFICATION OF. One who has formed or ex-
pressed an opinion of the guilt or innocence of the accused from
rumor or newspaper reports, is not thereby disqualified from serving
as a juror on the trial of the cause. Distinguishing *State v.
Culler*, 82 Mo. 623.

7. ——— : ———. One who had formed an opinion from rumor
and newspaper reports, and who said on his *voir dire* that he
"would naturally suppose defendant guilty," does not thereby give
evidence of bias or prejudice against defendant, and is not disquali-
fied for that reason to sit as a juror in the trial of the cause.

8. ——— : MURDER : INSTRUCTIONS FOR LOWER GRADE OF HOMICIDE. In
a prosecution for murder, where the instructions given on behalf of
defendant, based upon his own testimony, allow a finding for a
grade of homicide less than murder, it is reversible error to fail to

define such lower grade of crime of which defendant might, under the evidence, be convicted.

9. **Criminal Law**: THREATS: RES GESTAE. While mere threats are not sufficient to palliate a homicide, yet when they occur as a part of the *res gestae*, and are uttered while making an attempt on the life of the person threatened, they may be worthy of consideration, as tending, in connection with such attempt, to lower the grade of homicide when perpetrated by the person threatened.

10. ————: RECITALS IN MOTION: JUDICIAL NOTICE. In a case of conviction of a negro, where the motion for new trial recites that there were no negroes returned on the panel of forty, from which the jury was selected to try the cause, but there is nothing in the record to show whether the panel was white or black, or whether the population of the county consists in part of negroes, such recitals do not constitute evidence of these facts, and the Supreme Court will not take judicial notice of them, and will not review the point.

*Appeal from Lafayette Criminal Court.*—HON. J. E. RYLAND, Judge.

REVERSED.

*R. A. Hicklin, A. J. Hall* and *Wm. Young* for appellant.

(1) The court erred in refusing to grant defendant's application for a change of venue. It abused its discretion. (2) The court erred in sustaining the demurrer to defendant's plea in abatement. The grand jury must be considered as a whole. The *status* of any one member fixes the *status* of the whole grand jury. If any one of them be open to exception, he vitiates the whole grand jury. *Barney v. State*, 12 S. & M. 68; *State v. Duncan*, 7 Yerger 271; *State v. Jacobs*, 6 Texas 99. (3) The court erred in overruling defendant's application for a continuance. (4) The court erred in overruling defendant's challenges to certain jurors. They had formed and expressed opinions of defendant's guilt or innocence which it would take evidence to remove. The juror, George Vandiver, said he naturally supposed defendant guilty. It is for the Supreme Court to say whether such jurors

are biased or prejudiced. *Baldwin v. State*, 12 Mo. 223. (5) The court erred in giving the third instruction for the state. It virtually told the jury that if they could satisfactorily and reasonably infer the elements of murder in the first degree from the evidence they should do so. A rational and substantial doubt of defendant's guilt requires his acquittal. *State v. Fugate*, 27 Mo. 535. (6) There was no evidence upon which to base the fifth instruction on the part of the state. (7) The eighth and ninth instructions given for the state were comments on the evidence and erroneous. 53 Mo. 257. (8) The panel of forty returned by the sheriff was not impartially selected. Defendant was a negro. One-sixth of the population of the county is negroes and there should have been negroes on the panel. Const. of U. S., amendment 13. (9) The court erred in not giving an instruction defining murder in the second degree. *State v. Banks*, 73 Mo. 592; *State v. Matthews*, 20 Mo. 55; *State v. Stonum*, 62 Mo. 596.

*B. G. Boone*, Attorney General, and *John S. Blackwell*, prosecuting attorney, for the state.

(1) The criminal court did not err in refusing to grant defendant's application for a change of venue. R. S., sec. 1859; *State v. Whitton*, 68 Mo. 91; *State v. Sayers*, 58 Mo. 585, and cases cited; *State v. O'Rourke*, 55 Mo. 440. (2) The court did not err in sustaining the demurrer to defendant's plea in abatement. R. S., secs. 1771, 1772, 1773, 1846, 2778, 2787; *State v. Connell*, 49 Mo. 282; *State v. Bleekley*, 18 Mo. 428; *State v. Welsh*, 33 Mo. 33; *State v. Baker*, 20 Mo. 338; *State v. Breen*, 59 Mo. 413; *State v. Knight*, 61 Mo. 373; *State v. Hart*, 66 Mo. 208; *State v. Drogmond*, 55 Mo. 87. (3) The criminal court did not err in overruling defendant's application for a continuance. (*a*) Because the application is insufficient. It fails to show due diligence on defendant's part in getting ready for trial. The probability of

procuring the testimony of the alleged absent witnesses at some future time is not even mentioned in said application. R. S., sec. 1884. (*b*) The statements in the application are in direct conflict with the record in the case. (*c*) If the witness had been present at the trial his testimony, as stated in the application, would have been irrelevant, incompetent and immaterial. *State v. Alexander*, 66 Mo. 148; *State v. Martin*, 74 Mo. 547. (*d*) The application was addressed to the sound discretion of the trial court, and this court will not interfere unless such discretion appears to have been exercised unsoundly or oppressively. *State v. Green*, 13 Mo. 383; *State v. Lange*, 59 Mo. 418; *State v. Williams*, 69 Mo. 110; *State v. Sims*, 68 Mo. 305; *State v. Ward*, 74 Mo. 253, and cases cited; *State v. Fox*, 79 Mo. 109. (4) The court did not err in overruling defendant's challenges to certain jurors. They were not disqualified under the statute and decisions of this court. R. S., sec. 1897; *State v. Stein*, 79 Mo. 330; *State v. Walton*, 74 Mo. 274, and cases cited; *Baldwin v. State*, 12 Mo. 223; *State v. Core*, 70 Mo. 491; *State v. Barton*, 71 Mo. 288; *Reynolds v. U. S.*, 98 U. S. 145; *Curby v. Com.*, 84 Pa. St. ——; *Meyers v. Com.*, 79 Pa. St. 151; *Barbo v. People*, 80 N. Y. 484; *Guetrys v. State*, 66 Ind. 94; *State v. Lawson*, 38 Iowa 51; 94 Ill. 299; 9 Fla. 215; *People v. Welch*, 49 Cal. 174; *Ogle v. State*, 33 Miss. 383; *Carson v. State*, 50 Ala. 134; *Thomas v. State*, 36 Texas, ——. This case does not come within the doctrine of the *State v. Culler*, 82 Mo. 623. (5) The instructions on the part of the state, taken all together, fairly present the case to the jury, and defendant cannot reasonably complain. *State v. Kilgore*, 70 Mo. 546; *State v. Talbott*, 73 Mo. 348; *State v. Holme*, 54 Mo. 153; *State v. Lane*, 64 Mo. 319; *State v. Thomas*, 78 Mo. 327; *State v. Linney*, 52 Mo. 40; R. S., sec. 1918; *State v. Cooper*, 7 Mo. 436. (6) It is too late after verdict to object for the first time to the constitution of the trial jury. R. S., secs. 2777, 2778; *Samuels v. State*, 3 Mo.

69 ; *State v. Marshall*, 36 Mo. 400 ; *State v. Jones*, 61 Mo. 232 ; *State v. Ward*, 74 Mo. 253 ; *State v. Breen*, 59 Mo. 413 ; *State v. Pitts*, 58 Mo. 556. (7) There was no evidence upon which to base an instruction for murder in the second degree. Defendant is guilty of murder in the first degree or guilty of no offence. *State v. Harris*, 59 Mo. 550 ; *State v. Kotovsky*, 74 Mo. 247 ; *State v. Ward*, 74 Mo. 253 ; *State v. Starr*, 38 Mo. 270 ; *State v. Jones*, 79 Mo. 441 ; *State v. Snell*, 78 Mo. 240 ; *State v. Kilgore*, 70 Mo. 546.

SHERWOOD, J.—The defendant, a negro, was indicted for killing a girl of his own race, by shooting her to death with a pistol. The crime of which defendant stands convicted, if testimony to that effect from all the witnesses except defendant, be taken as true, and the nature, number and direction of the gun-shot wounds be considered, was an atrociously brutal murder, without palliation or excuse. The testimony of the defendant, in some particulars, tended to show circumstances extenuating the offence ; but when his whole testimony is examined, no possible doubt can arise as to the existence of his guilt in the degree 'affirmed by the verdict of the jury. And this fact becomes very conspicuous when his testimony as to the circumstances attending the killing is contrasted with the physical facts of the direction of one of the gun-shot wounds, the blood stains on the bed where the deceased was lying when the defendant went into the room, and the testimony of Dr. Russell as to the recumbent position deceased was in when receiving that wound. Numerous errors have been assigned for the reversal of the judgment.

I. There was no error in holding the plea in abatement, filed by defendant, insufficient. Taking that plea, it having been demurred to, as true, the facts thus admitted constitute no ground for a plea in abatement. Section 2787, Revised Statutes, 1879, is directly applicable to this case. That section expressly provides that,

"in case of non-attendance of any grand juror after he shall have been qualified, or in case any grand juror is excused by the court from further service for any cause, the court shall cause another grand juror to be summoned and sworn." The grand juror who had been qualified having failed to attend, it was perfectly competent for the court to discharge him and to order a new grand juror to be summoned and substituted for him.

II.   Regarding the application for a change of venue, it was based upon the ground of the prejudice of the inhabitants of the county against the defendant. On this point witnesses were heard *pro* and *con*, and the decision of the trial court was final thereon, unless some abuse of judicial discretion were shown, which has not been done. *State v. Whitton*, 68 Mo. 91, and cases cited; Revised Statutes, 1879, section 1859.

III.   The application for a continuance was properly denied, and this for several reasons: The indictment was found on the fourteenth day of October, 1884; the defendant was arraigned on the sixteenth day of October, when he appeared in person and by counsel; on the twentieth day of October additional counsel were appointed for him; on the twenty-third day of October, the day the trial began, the application for a continuance was made, wherein it is alleged that defendant was not able to procure counsel for his defence until the twentieth day of October, when the same were appointed for him by the court; that on the eighteenth day of October an attorney of the court, at defendant's solicitation, had a subpœna issued for his witnesses, which subpœna as to the absent witness on the twenty-second day of October was returned *non est*. Some of these statements are contradicted, as already seen by the record, and, besides, show no diligence. The defendant had counsel on the sixteenth day of October, when he was arraigned and a jury ordered for the trial of the cause, for this is shown by the record, and yet no subpœna was issued for two days thereafter, as appears by defendant's sworn statement.

Why this delay? The witness, Chapman, as the application states, resides in Lexington, and that he had gone for the time being to St. Louis. When he went to that place is not stated. From aught that appears, if timely process had been issued, he would have been served prior to his departure for St. Louis. Furthermore, the application is defective, in that it does not comply with the statute by setting forth the probability of procuring the testimony of the witness and within what time. Revised Statutes, 1879, section 1884. Moreover, granting and refusing applications of that character, always rests largely in the discretion of the court, and unless it clearly appear that such discretion has been unsoundly exercised this court will not interfere, as has been often decided, as shown by authorities cited for the state.

IV. Complaint is made that error occurred in disallowing defendant's challenges to certain jurors. The opinions which those jurors had formed or expressed were based on rumors and newspaper reports, and, therefore, this case is unlike that of *The State v. Culler*, 82 Mo. 623, where the jurors held incompetent had either read the evidence as taken down by the coroner or else had read it when published in full in the newspapers. George V. Vandiver, one of the jurors, on his *voir dire*, after stating that his opinion was formed, as aforesaid, said he "*would naturally suppose defendant guilty.*" Much stress is laid by defendant's counsel on this response of Vandiver. By it he evidently only intended to convey the idea that after having read about the homicide in the newspapers and heard people talk about it, that such a supposition would very naturally enter his mind, and it would certainly be singular if it would not. Suppositions, conjectures, inferences, and surmises are constantly being mirrored in the human mind by reason of statements or impressions made by others, and it is just as natural that this should be the case as is that the retina of the human eye should reflect the images of surrounding objects. Instead, therefore, of this response

indicating bias or prejudice on Vandiver's part, it rather was indicative of an out-spoken ingenuousness that had nothing to conceal. Who is there that, surrounded with rumors and newspaper reports that an outrageous murder had been committed and the culprit arrested and put in jail, would not "naturally suppose the defendant guilty?" The human mind would have to undergo a very radical change when such surroundings would not produce similar impressions.

V. Respecting the instructions, they are, for the most part, correct, and sustained by the evidence. But there is a serious lack in the instructions, in that, while those given on behalf of the defendant, and evidently based on his testimony, recognize and allow a finding for a grade of homicide less than murder in the first degree, yet no definition of any lower grade of crime is given. This is sufficient ground for reversal, and as the case goes back it may not be amiss to remark that the eighth instruction is probably calculated to mislead the jury. While mere threats are not sufficient to palliate a homicide, yet when they occur as a part of the *res gestae* and are uttered while making an attempt on the life of the person threatened, they may be worthy of consideration, as tending, in connection with such attempts, to lower the grade of homicide when perpetrated by the person threatened.

VI. Relative to the point that no negroes were returned on the panel of forty from which the jury was selected to try this cause, it is enough to say that there is nothing in the record to show whether the panel was white or black, or whether the population of Lafayette county consists in part of negroes, since there is no proof of these matters in the record, and the recital of them in the motion for a new trial constitutes no evidence of them, and judicial notice of such things cannot be entertained by this court.

The result is, the judgment must be reversed and the cause remanded. All concur, except Norton, J., who dissents. Henry, C. J., concurs in the result.