THE STATE v. CHOUTEAU HUNT, *Appellant.*

1. **Practice in Supreme Court** : CHANGE OF VENUE : DISCRETION OF TRIAL COURT. The Supreme Court will not interfere with the action of the trial court in refusing a change of venue asked upon the ground of the prejudice of the inhabitants of the county against the defendant, where evidence was heard on both sides, unless it appear that palpable injustice has been done, or there has been an abuse of judicial discretion in refusing the application.

2. ——— : REVERSAL OF JUDGMENT. Where the verdict is wholly unsupported by the evidence, the Supreme Court will reverse the judgment.

*Appeal from St. Francois Circuit Court.*—HON. J. D. Fox, Judge.

REVERSED.

*Carter, Wilson & Weber* for appellant.

*B. G. Boone,* Attorney General, for the state.

BRACE, J.—The defendant was indicted in the circuit court of St. Francois county, for burglary and larceny, was found guilty, and sentenced to the peniten-

tiary for five years. His motion for a new trial having
been overruled, he appeals to this court. Before going
to trial he made application for a change of venue on the
ground of the prejudice of the inhabitants of said
county against him, and after evidence was introduced
*pro* and *con.* on that issue, his application was overruled.
The finding of the court on that issue was conclusive
unless it appear that palpable injustice has been done,
or there has been an abuse of judicial discretion in refus-
ing the application, which does not appear in this case.
*State v. Guy,* 69 Mo. 431 ; *State v. Whitton,* 63 Mo. 91 ;
*State v. Wilson,* 85 Mo. 134.

Several exceptions were saved on the trial of the
cause, only one of which do we find well taken, and
that was the refusal of the court to grant defendant a
new trial on the ground that the verdict was wholly
unsupported by the evidence ; for this error the judg-
ment is reversed, and defendant discharged. All concur,
except Norton, C. J., absent.