THE STATE v. WARDEN, *Appellant.*

1. **Criminal Practice**: CONTINUANCE. Where the defendant in a criminal case has unavailingly exercised due diligence to procure the attendance of an absent witness, an application for a continuance should be sustained.

2. —— : ——. The state cannot deprive the defendant of his right to a continuance, by consenting that he may read on the trial the matter set out in the affidavit for continuance as the testimony of the absent witness. (*State v. Berkley*, 92 Mo. 41, *affirmed*).

3. ——— : LARCENY : INSTRUCTION. Where, on trial for larceny, the taking of the property is admitted and the only question is, whether the defendant did the taking by mistake or with a felo-nious intent, it is improper to instruct the jury on the presumption arising from the possession of stolen property.

*Appeal from Johnson Criminal Court.*—HON. JOHN P. RYLAND, Judge.

REVERSED AND REMANDED.

*S. P. Sparks* for appellant.

(1) The court erred in overruling the application of defendant for a continuance. On the state admitting that the absent witness, Shores, if present, would testify to the facts as set forth in the affidavit and forcing defendant to a trial against his consent, in accordance with section 1886, because that section is unconstitutional, being in conflict with section 22, article 2, of the state constitution. *State v. Berkley*, 92 Mo. 41. (*a*) The court erred in permitting defendant to read only that portion of the affidavit in support of application for a continuance, which contained a statement of the facts which defendant expected to prove, and in further refusing to allow defendant to read the exhibit to said application. (2) The court erred in permitting the witness, Emery, on behalf of the state, against objection of defendant, to detail to the jury what a third party, Cam. Brown, had told him at a time when defendant was not present, because it was hearsay. (3) The court erred in refusing the first instruction requested by defendant ; it enunciated but fundamental propositions of law applicable to every criminal case. (4) It was a vicious error in the court, upon the undisputed facts in this case, to give instruction number four as to the presumption arising from the possession of property recently stolen, for the taking in this case was not

denied. But no part of the property was found in his possession, and instructions must be predicated upon the evidence. This has been so often decided that it has become a "thrice-told tale." An instruction that submits it to the jury to find if certain facts exist, virtually tells them that there is evidence tending to prove such facts, and if there is no evidence tending to prove it, the instruction is calculated to mislead the jury, and is erroneous. *Clement v. Brown*, 5 Ill. App. 109; *Breon v. Hinkle*, 13 Pac. Rep. 289. (5) The seventh instruction for the state, warning the jury against defendant's testimony, and singling out the fact that he is defendant, and pointing it out to the jury and telling them to receive his testimony *cum grano salis*, was erroneous, notwithstanding that this court has approved such instructions in several cases.

*B. G. Boone*, Attorney General, for the state.

BRACE, J.—At the May term, 1885, of the Johnson criminal court, the defendant was indicted and tried for grand larceny. The jury failing to agree, the case was continued to the December term. At the December term the defendant made application for a continuance on account of the absence of Fred. Shores, a material witness, which, being submitted to the court, and the state's attorney admitting that if the witness was present he would testify as stated in the application, the same was thereupon overruled, and the defendant compelled to go to trial, and on the trial he was permitted to read the facts set out in the application as the testimony of such absent witness.

The facts stated in the application were material to appellant's defence. The court, in overruling the application and permitting the statement to be read, must have found that the defendant had exercised due diligence in endeavoring to procure the attendance of the

absent witness, and under the decisions of this court, in *State v. Berkley*, 92 Mo. 41, and *State v. Neiderer, ante,* p. 79, the court committed error in overruling the application for a continuance.

The only other error in the record prejudicial to the defendant was the giving by the court, on behalf of the state, of the fourth instruction, which is as follows :

" The jury are instructed that, where property has been stolen, and recently thereafter the same property, or any part thereof, is found in the possession of another, such person is presumed to be the thief, and if he fails to account for his possession of such property in a manner consistent with his innocence, either by direct evidence, or by the attending circumstances, or by his character and habits of life, or otherwise, this presumption becomes conclusive against him."

No fault can be found with the abstract legal proposition, laid down in this instruction, but the impropriety of laying down abstract propositions of law for the guidance of juries in determining questions of fact, instead of declaring in concrete form the legal conclusions at which they must arrive in a particular case upon the facts as they may find them, is apparent when application is attempted of the correct abstract legal principle contained in this instruction to the facts in this case, and at the same time the inapplicability of the instruction to those facts is demonstrated. There was no question on the evidence as to who took the horse, bridle, and saddle, the property charged to have been stolen. The defendant admitted that he took the property. His plea was that he took it, innocently, by mistake, believing that it was the horse of a friend and relative, who had given him permission to ride it to his father's house, for which purpose alone he used it, and intended to use it.

There was evidence tending to sustain this defence, and the only question for the jury to determine was,

whether the taking was with a felonious intent; whether the property was stolen or taken innocently, for the purpose stated, by mistake, as the defendant claimed. If the jury found that the property was stolen, the issue was decided. There was no necessity for any presumption in the case. The presumption is indulged under proper circumstances for the purpose of determining who took the stolen property, but has no place in a case where the only question is, was the property stolen. It bears upon the identity of the thief and not upon the question whether or not there is a thief in the transaction; upon the question of who took the property, and not upon the question of the intent with which it was taken, the only one before the jury for their determination in this case. The instruction was outside of the case—may have prejudiced the defence, and should not have been given.

The judgment is reversed and the cause remanded for new trial. All concur.