THE STATE v. DYKE, *Appellant.*

**Criminal Practice:** CONTINUANCE. The state cannot deprive a
defendant of her right to a continuance, by consenting that she
may read on the trial the matter set out in the affidavit for contin-
uance as the testimony of the absent witness. (*State v. Berkley*, 92
Mo. 41, *affirmed*).

*Appeal from Jackson Criminal Court.*—HON. HENRY
P. WHITE, Judge.

REVERSED AND REMANDED.

*D. S. Twitchell, F. W. Randolph* and *James
O' Brien* for appellant.

*B. G. Boone*, Attorney General, for the State.

BRACE, J.—On the fifteenth of September, 1887, the
defendant was indicted in the criminal court of Jackson
county for murder in the first degree for killing one
John Hamilton. On the nineteenth of September she
was arraigned, pleaded not guilty and the cause was set
for trial on the seventeenth of October. On the eigh-
teenth of October, 1887, the case coming on to be tried,
the defendant made application, supported by sufficient
affidavits, for a continuance on the ground of the absence
of material witnesses. The court held the application
and affidavits sufficient to entitle the defendant to a
continuance, but upon the prosecuting attorney consent-
ing that the facts therein set out as the facts which the
defendant expected to prove by the absent witnesses
might be taken and read as and for the testimony of
such witnesses, the application was overruled and the
defendant was compelled to go to trial without the evi-
dence of such witnesses, and was convicted of murder in

the second degree and sentenced to fifteen years imprisonment in the penitentiary.

Under the ruling in *State v. Berkley*, 92 Mo. 41; *State v. Neiderer*, 94 Mo. 79, and *State v. Warden*, 94 Mo. 648, the refusal of the court to grant a continuance was reversible error and so the attorney general concedes.

The judgment is therefore reversed and the cause remanded for a new trial. All concur except RAY, J., absent.