| 98 | 609 |
| 139 | 209 |

THE STATE v. LOE, *Appellant.*

1. **Criminal Practice**: CHANGE OF VENUE. The action of the trial court upon an application for a change of venue in a criminal case on the ground of the prejudice of the inhabitants of the county against the defendant, is final unless it appears that there has been a palpable abuse of judicial discretion.

2. ———— : CONTINUANCE. On an application for a continuance to the next term because of the absence of a material witness for the defendant, the court may properly continue the cause to a stated day of the existing term and issue an attachment for the absent witness. But where the attachment fails to bring the witness into court on the stated day and a second attachment issued on that day fails to bring him into court on the following day, it is error to refuse to continue the cause for the same reason upon a second and sufficient application; and to allow the defendant to read the facts set out in the affidavit for a continuance as the testimony of the absent witness.

3. ———— : ———— : CONSENT OF PROSECUTING ATTORNEY. Where the prosecuting attorney, in order to deprive defendant of a continuance, consents, under Revised Statutes, 1879, section 1886, that defendant may read on the trial the matter set out in the affidavit for continuance as the testimony of the absent witness, he thereby admits the sufficiency of the affidavit.

*Appeal from Livingston Circuit Court.*—HON. JAMES M. DAVIS, Judge.

REVERSED AND REMANDED.

*Jonas J. Clark* and *Scott J. Miller* for appellant.

(1) The court should have granted appellant a change of venue. R. S., sec. 1856; *State v. Wilson,* 85 Mo. 134; *People v. Yookum,* 53 Cal. 566; *State v. Ware,* 69 Mo. 333; *State v. Wisdom,* 84 Mo. 177. (2) The court should have sustained appellant's first application for a continuance, and especially the supplemental

application, taken in connection with the first, over to regular term. R. S., sec. 1883. (3) The court abused its discretion in only continuing until November 21, and this court will interfere. *State v. Hollenscheit*, 61 Mo. 302; 59 Mo. 418; *State v. Lewis*, 74 Mo. 222; *State v. Farrow*, 74 Mo. 531. (4) The court should have granted a continuance on the final application of appellant. The court should have granted a continuance, and should have awarded compulsory process against witnesses Gibbons, Dale and Laheigh. *State v. Berkley*, 92 Mo. 41; *State v. Wardell*, 94 Mo. 648; *State v. Bryant*, 93 Mo. 273; *State v. Pagels*, 92 Mo. 301; *State v. Neiderer*, 94 Mo. 81; *State v. Gilmore*, 95 Mo. 569.

*John M. Wood*, Attorney General, for the State.

(1) Where testimony is offered for and against a motion for a change of venue on account of the prejudice of the inhabitants of the county, and the motion is overruled, this court will not interfere with the action of the trial court unless palpable injustice appears from the record to have been done. Nothing of the kind appears in this record, and no prejudice is shown. *State v. Holcomb*, 86 Mo. 371, and authorities cited. (2) There was no error in overruling the application for a continuance. The power of the court had been unsuccessfully employed to secure the attendance of the absent witnesses. The application failed to state a good ground for a continuance, in this, that it does not appear, nor is in any manner shown by said application, that the evidence sought to be produced by said absent witnesses is material. On the contrary, it appears that the testimony of the absent witnesses would be only as to self-serving declarations of defendant, constituting no part of the *res gestæ*, and therefore inadmissible. The application should show ample grounds why the continuance should go before the prosecuting attorney is called

upon to say whether it shall go or not, and before section 1886, Revised Statutes, is called into operation. If the application was insufficient, the fact of the prosecuting attorney admitting that the facts stated in it might be read as the testimony of the absent witnesses is no reason for treating the same as sufficient, and the overruling of the same as error. *State v. Berkley*, 92 Mo. 41.

BRACE, J.—At the September term, 1887, of the circuit court of Livingston county, the defendant was indicted for grand larceny, and on the third of October filed an application for a change of venue on the ground of prejudice of the inhabitants of said county against him, which, coming on to be heard, the defendant introduced evidence tending to show the existence of such prejudice, and the state introduced evidence tending to show that such prejudice did not exist so as to prevent his having a fair trial in said county. The court refused to grant a change of venue.

Thereupon the defendant made application for a continuance of the cause until the next term on account of the absence of Daniel Gibbons and other witnesses. The court refused to continue the cause until the next term ; caused writs of attachment to be issued for the absent witnesses, and continued the case until the twenty-first day of November, 1887. On that day, the cause coming on to be heard, the witness Gibbons being still absent, though in the meantime he had been arrested and brought into court and discharged on recognizance to appear on the twenty-first of November, a second attachment was issued against him, returnable forthwith and the cause passed until said attachment should be returned. On the next day the attachment was returned not served, and the said Gibbons still being absent, the defendant filed a second application for a continuance on account of the absence of said Gibbons,

and of two other witnesses whom he alleged to be mate-rial, setting out the facts which he expected to prove by them. On the hearing of this application, the prose-cuting attorney announced that the state was ready for trial and would admit the matters and things which defendant proposed to prove by said Gibbons as facts to be given in evidence on the trial. Thereupon the court overruled the application and required the defendant to proceed to trial, and on the trial permitted the defend-ant to read in evidence in his behalf a written statement of facts substantially the same as the facts which the defendant in his application for continuance stated he expected to prove by the absent witness Gibbons, and that the same was admitted by the prosecuting attorney as facts in the cause. The jury found the defendant guilty and he appeals.

I. The action of the trial court upon an applica-tion for a change of venue in a criminal case on the ground of the prejudice of the inhabitants of the county against the defendant is final, unless it appears that there has been a palpable abuse of judicial discretion, and no such abuse appears from the evidence upon that issue in this case. *State v. Hunt*, 91 Mo. 490; *State v. Holcomb*, 86 Mo. 371; *State v. Wilson*, 85 Mo. 134.

II. The court committed no error in continuing the cause on the first application until the twenty-first of November. But when its process, issued for the pur-pose of securing the presence of the witness Gibbons on that day, failed to bring him into court to testify on behalf of the defendant on that day, and its writ of attachment, then issued, failed to secure his attendance upon the following day, it committed error in refusing to grant him a continuance when he presented his sec-ond application therefor, based in part upon the absence of such witness, the sufficiency of which was conceded by the action of the prosecuting attorney in consenting that a statement of the facts which defendant proposed

to prove by such absent witness might be read in evidence, and by the court in thereupon overruling defendant's application for a continuance and permitting such statement to be read to the jury. *State v. Dyke*, 96 Mo. 298; *State v. Neiderer*, 94 Mo. 79; *State v. Warden*, 94 Mo. 648; *State v. Berkley*, 92 Mo. 41.

III. Some other points are made against the action of the court on the trial of the cause. But as the subjects of some of them are not properly saved for review in this court, and others are not likely to occur in a future trial, and as the case, for the error of the trial court, in refusing the defendant a continuance must be remanded for a new trial, it will not be necessary to notice them.

The judgment of the circuit court is reversed and the cause remanded for new trial. All concur except RAY, C. J., absent, and BARCLAY, J., dissenting.