THE STATE v. LEE JASPER, Appellant.—24 S. W. (2d) 161.

Court en Banc, February 4, 1930.

*Birch & Crow* for appellant.

*Stratton Shartel*, Attorney-General, and *Don Purteet*, Assistant Attorney-General, for respondent.

670

WHITE, J.—The defendant appeals from a judgment upon conviction of a sale of hootch, moonshine, corn whiskey, rendered in the Circuit Court of Chariton County, March 12, 1928. It is alleged that the sale took place January 23, 1928. One Andrew Brown testified for the State that, on the night of that day, he bought two bottles of whiskey from the defendant and paid one dollar for them. The sheriff armed with a search warrant appeared at the·place at the time Brown made the purchase and arrested him when he came out of the defendant's house with his bottles.

It is unnecessary to state the evidence at any length because the only error, assigned by the defendant as ground for a reversal is the action of the trial court in overruling his application for a continuance. On the day of the trial March 12, 1928, he filed his application as follows:

"Lee Jasper, defendant in the above entitled cause, being first duly sworn, upon his oath says that Rosa Jasper and Helen Greenwood are material witnesses for him in the above entitled cause and that he cannot safely go to trial without procuring their testimony; that a subpoena was duly issued out of the office of the clerk of this court on the 8th day of March, 1928, directed to both of the above named parties, and that the same was delivered to the sheriff of this county, who, on the 8th day of March, 1928, duly subpoenaed the above named Helen Greenwood to be and appear at this term of court and on the 12th day of March, 1928; that the return of the sheriff shows that ,Rosa Jasper could not be found in this county.

"Defendant further states that the said Helen Greenwood is confined to her bed by illness and was and is unable to appear for the trial of this case on this day, or during this term; that Rosa Jasper is in the city of Kansas City in the State of Kansas, where she is nurs·ing an infant son, who has been afflicted with heart trouble for several months and where she was ordered by the attending physician to take said child for medical attention, which was immediately necessary to the life and well-being of said child; that defendant

believes that said Helen Greenwood will testify that on the 23rd day of January, 1928, the date on which the defendant is charged to have sold corn whiskey, hootch or moonshine to Andrew Brown, that he, the defendant, did not sell such whiskey, but that on the contrary the said Andrew Brown did, in truth and fact, deliver to and sell to this defendant certain hootch, moonshine or corn whiskey, and that said witness, Helen Greenwood, was in the room at the time of such sale and saw and heard the transaction between this defendant and the said Andrew Brown; affiant verily believes that the said Rosa Jasper would also testify if she was present that she lived in the house and she is the wife of the defendant, Lee Jasper, and that on the 23rd day of January, 1928, the said Lee Jasper did not sell to Andrew Brown, or to anyone else, any corn whiskey, hootch or moonshine, but that upon the contrary thereof, the said Andrew Brown did sell to this defendant certain hootch, moonshine or corn whiskey.

"Defendant further states, he verily believes the above facts to be true and he is unable to prove such facts by any other witness or witnesses, whose testimony can be as readily procured, and that the above named Helen Greenwood and Rosa Jasper are not absent by the connivance, procurement or consent of the defendant; that he verily believes that the said Helen Greenwood will be able to attend the trial of this case at the next term thereof, and that the said Rosa Jasper will be within the jurisdiction of this court at such time, that both of said witnesses ordinarily and usually reside in the city of Brunswick, Chariton County, Missouri, and that this application is not made for vexation or delay merely, but to obtain substantial justice on the trial of the cause.

"LEE JASPER.

"Subscribed and sworn to before me this March 12, 1928.

"(Seal). "J. L. KENDRICK,

"Circuit Clerk."

The prosecuting attorney, Mr. Collet, filed a counter affidavit in which he alleged that Rosa Jasper, the wife of the defendant, left the city of Brunswick in Chariton County by permission of her husband; that he could have procured her attendance by having a subpoena issued; that it was not necessary for her to go to the State of Kansas, as alleged in the application; and that the Sheriff of Chariton County talked with the defendant on March 9th and he told the sheriff that his wife had gone to Kansas and would be back that night. The affidavit also denies that Helen Greenwood was present at the time of the alleged sale of the whiskey.

As to the absence of defendant's wife, Rosa Jasper, it may be said that the statements of the prosecuting attorney were mere conclusions, or hearsay. He does not state any facts as of his own knowledge.

The same may be said of the statement in the application by the defendant that his wife was ordered by her attending physician to take his child for medical attention to Kansas City, Kansas. No facts are stated that show that it was any more necessary to take the child to Kansas than to procure proper attendance of a physician upon such child in Missouri. Nor does the application of the defendant say that his wife was ordered in his presence to leave this State by the physician, or that he knew of his own knowledge of such order. It would have been easy to have procured the certificate of the physician to that effect, if there had been any such order. Also, no effort was made to take the deposition of Mrs. Jasper, though defendant's application shows he knew of her expected absence in time to take her deposition.

As to Helen Greenwood, after saying that she had been duly subpoenaed on March eighth, the defendant makes this statement:

"Defendant further states that the said Helen Greenwood is confined to her bed by illness and was and is unable to appear for the trial of this case on this day or during this term."

If a party causes his witness to be subpoenaed and on the day of trial the witness fails to appear and the party is unable to account for the absence of such witness, the matter comes to him as a surprise. That would entitle him to a continuance if his witness is important. But that is not this case. The defendant in this case attempts to *account* for the absence of Helen Greenwood. He swears she is confined to her bed by illness and will be unable to appear, not only on the day of the trial but *during the term*. His conclusion implies an intimate knowledge of her condition all the time. Upon what does he base his conclusion? Merely the affidavit of the sheriff that when he served the subpoena Helen Greenwood was "actually confined in bed." "Confined" is conclusion. "Actually" is an adverbial ornamentation of that conclusion.

That affidavit must have been constructed by the defendant. Note that the sheriff did not go to the extent the defendant did and say that she was confined to her bed by illness. A sheriff is a man of action and not of rhetoric. All the sheriff's statement amounts to is that she was in bed when he served the subpoena. If he had thought she was sick he would have said so. Instead of using the expression "actually confined" he would have said she was "sick in bed," as any well constructed sheriff would have said. Now, since the defendant assumed to know all about Helen Greenwood's condition as well as her whereabouts, it would have been easy for him to have stated the facts. She was only a few miles distant. There is nothing in the application to indicate that the telephone was not in operation. It would have been easy for the defendant to have called Helen Greenwood or her physician, or her home, or to have em-

ployed some simple and easy method to ascertain what her condition was on the day of trial, four days after her being in bed had led to his conclusion that she was confined there by illness. The principle that a state of facts once shown to exist is presumed to continue to exist does not apply to illness. It does apply to death.

The burden was not on the State to prove that Helen Greenwood could have been produced at the trial; or that the defendant had failed to exercise diligence. It was for the defendant to show by his application that he *had* exercised diligence to procure her attendance and he fails to show it merely by concluding that she is ill on the day of trial because the sheriff found her in bed when he served the subpoena four days before.

The trial judge had all these facts before him. If this application should be approved as sufficient to cause a continuance, all that a defendant hereafter needed to do is to have his witness go to bed when the sheriff appears with a subpoena, no matter how long before the trial, and on the trial day the defendant may file an application based on the adverbially ornamented conclusion that a witness was confined in bed "by illness." Certainly the judge who was cognizant of the facts in the case and knew the parties did not abuse his discretion in overruling the application for continuance.

The judgment is affirmed. *Atwood, Gantt* and *Frank, JJ.,* concur; *Blair, J.,* dissents, in a separate opinion, in which *Ragland, C. J.,* concurs; *Walker, J.,* absent.

BLAIR, J. (dissenting) :—I am unable to concur in the majority opinion. The application for continuance set out therein complies in every respect with the provisions of Section 3997, Revised Statutes 1919, and is therefore entirely sufficient in form. The majority opinion seemingly concedes such compliance, for the statute under which the application was drawn is not even mentioned. The trial court's action was sustained solely on the ground that the trial judge did not "abuse his discretion in overruling the application for continuance." I think the trial judge did abuse his discretion in denying the application based on the absence of the witness Helen Greenwood and, hence, I cannot concur in the opinion of my learned brother.

The application was properly ruled in so far as appellant's wife was concerned; but appellant was clearly entitled to a continuance because of the absence of the witness Helen Greenwood, unless we are prepared to say that, no matter how important to the defense of one charged with crime the testimony of an absent witness may be, it is entirely discretionary with the trial judge whether the accused may have the benefit of such testimony.

The appellant was diligent in seeking· to procure the attendance of Helen Greenwood.. He issued a subpoena for the witness on March 8, 1928, and it was ·actually served on her the same day, which was four days before the trial on March 12th. There is nothing to indicate that before trial day appellant knew any reason why the witness would not be present in obedience to the subpoena served upon her. The application duly verified stated that the witness was not absent by the connivance, procurement or consent of appellant and not the slightest intimation to the contrary appears in the record.

The majority opinion holds that it was not satisfactorily shown that Helen Greenwood was sick at the time of the trial and unable to attend as a witness. The only showing on the point indicates that she was sick. The sheriff's affidavit stated that the witness was "at home and actually confined in bed" when he served the subpoena upon her four days before the trial. The State offered no counterproof and did not even ask for an examination of the witness by a physician. There is no basis in the record for the insinuation that the witness was feigning illness. The·appellant was justified by the affidavit of the sheriff in stating in his application for continuance that the witness was ill and unable to attend the trial. It is fair to presume that a witness served with a subpoena will obey it, if able to do so, because witnesses do not expect to disregard the command of court process with impunity. As appellant was not shown to have had information in advance of the trial that the witness, who lived in another town, would disobey the subpoena and remain away, he could not reasonably have been expected to account for the absence of said witness.

The affidavit of the prosecuting attorney, denying the presence of Helen Greenwood at the time of the alleged sale of whiskey and stating that she could not truthfully testify that appellant purchased liquor instead of selling it, served no office whatever. The State cannot be heard to deny that the testimony of the absent witness will be as stated in the application for continuance. [State v. Good, 132 Mo. 114, l. c. 131, 33 S. W. 790; State v. Sassaman, 214 Mo. 695, l. c. 736, 114 S. W. 590.]

The application for continuance stated that Helen Greenwood would testify that she was present at the alleged sale and that, instead of appellant *selling* liquor to the witness Andrew Brown, appellant *bought* liquor from said Brown. Such evidence, if believed by the jury, would have completely disproved the testimony of Brown, that he had just purchased liquor from appellant and would have produced a different result of the trial. It was a story peculiarly for the jury to pass upon. Nor was it a story inherently unreasonable. Caught red-handed with liquor in his possession as he

left appellant's house, it would have been the natural thing for Brown, even if he actually had *sold* liquor to appellant, to say that the liquor found upon his person was *purchased* from appellant. The facts were entirely for the jury. Even if the prosecuting attorney and the trial judge did not believe the truth of the expected testimony of the absent witness, that cannot justify the court's action in overruling the application for continuance.

While it is true that the trial court has large discretion in granting or refusing an application for continuance in a criminal case and its ruling thereon will not be disturbed upon appeal, unless such discretion has been unsoundly or oppressively exercised (State v. Dettmer, 124 Mo. 426; State v. Banks, 118 Mo. 117), yet, where the application is in due form and shows the vital importance of the testimony there set forth and due diligence on the part of defendant to procure such testimony, without any evidence of connivance, procurement or consent on the defendant's part in respect to the absence of the witness, this court has not hesitated to hold that the trial court erred in overruling the application. [State v. Hesterly, 182 Mo. 16, l. c. 32, 81 S. W. 624; State v. Swafford (Mo. Sup.), 12 S. W. (2d) 442, and cases.] In most of the cases where the refusal of a continuance was sustained, the facts cited as justifying refusal fully warranted the ruling. That is not true here.

It is difficult to conceive of a case where the court's discretion in granting or refusing an application for continuance was more unsoundly exercised than in the case at bar. To sustain the ruling is virtually to announce to the bench and bar of this State that this court will not interfere under any circumstances with the exercise of the trial court's discretion in denying a continuance in a criminal case.

In a civil case, the application, otherwise sufficient, cannot be denied unless the opposite party will admit that the witness or witnesses mentioned, if present, would testify as set forth in the application. [Sec. 1390, R. S. 1919.] The party whose witnesses are absent may get some aid from such an admission. But a defendant in a criminal case cannot even get that little consolation, when his application is overruled, for the State cannot admit that the absent witness would testify as set forth in the application for continuance. When the application is denied the defendant simply has to get along at the trial without the slightest benefit from his application, regardless of the good faith of his application. [State v. Warden, 94 Mo. 648, 8 S. W. 233; State v. Berkley, 92 Mo. 41, 4 S. W. 24.]

There is testimony in the record touching the conduct of appellant at the time the officers entered his home which strongly indicates his guilt; but that cannot be considered. The appellant had the right to have a jury hear the alleged testimony of Helen Green-

676

wood, if he could later procure her presence. Appellant had previously been convicted of violating the liquor law. Such conviction doubtless lessened his credibility as a witness and emphasizes the importance of his corroborating his simple denial of the sale, if he could corroborate it, by the testimony by Helen Greenwood.

Appellant may be guilty, but he was entitled to a fair chance to have his guilt passed upon by the jury after hearing all the evidence he could produce. The majority opinion establishes a precedent which may defeat justice in the trial of some good but unfortunate citizen charged with the commission of a crime.

I therefore respectfully dissent. *Ragland, C. J.,* concurs herein.