The State v. Hayes.

## THE STATE v. HAYES, *Appellant.*

1. **Practice, Criminal** : JURISDICTION : CHANGE OF VENUE. Where the judge of the St. Louis criminal court is disqualified for any of the reasons mentioned in Revised Statutes, section 1877, he is authorized by Revised Statutes, section 1881, to call in the judge of another circuit to try a defendant's application for a change of venue, and the judge of such other circuit becomes thereby possessed of jurisdiction of the cause until its final determination, notwithstanding the withdrawal of the application by his consent, after the cause has been reversed in the Supreme Court.

2. **Construction** : STATUTE : CONSTITUTION. Section 1902, of the Revised Statutes, is not unconstitutional upon the ground of being a special law, nor is it unconstitutional because in cities of more than one hundred thousand inhabitants it gives the state a greater number of peremptory challenges than in other localities.

*Appeal from St. Louis Criminal Court.*—Trial before HON. CHARLES G. BURTON, Judge of the Twenty-fifth Judicial Circuit.

AFFIRMED.

*James J. McBride* for appellant.

(1) Judge Burton had no lawful right or jurisdiction to try the cause, and he committed error in overruling defendant's motion to vacate the order appointing him, defendant's application for a change of venue having been previously withdrawn by leave of court, and Judge Van Wagoner having been lawfully installed judge of the St. Louis criminal court, in place of Judge Laughlin. (2) The court erred in allowing the state fifteen instead of eight peremptory challenges against the objection of the defendant. Section 1902, of the Revised Statutes, allowing this number of challenges to the state in cities having over one hundred thousand inhab-

itants, is unconstitutional. It is a special law. *State ex rel. Harris v. Hermann*, 75 Mo. 352. Said section is also in violation of section 22, article 2, of the State Constitution (bill of rights), which guarantees to every person charged with crime a speedy and public trial by an impartial jury of the county—and of section 30, article 2, which provides that no person shall be deprived of life, liberty, or property, without due process of law— and also of section 1, of the fourteenth amendment of the constitution of the United States, which provides that no state shall deprive any person of life, liberty, or property, without due process of law (the law of the land), nor deny to any person within its jurisdiction the equal protection of the laws. *In re Jilz*, 3 Mo. App. 243; *State v. Hayes*, 81 Mo. 586; 1 Bish. on Crim. Proc. 891.

*B. G. Boone*, Attorney General, for the state.

(1) The action of the trial court was proper in overruling defendant's motion to vacate and annul the order by which Judge Burton was authorized to try the case. Judge Burton was clothed with jurisdiction by the order of the criminal court, and retained it until the termination of the cause, R. S., secs. 1879, 1881; *State v. Hayes*, 81 Mo. 574. This court has held that defendants cannot, after disqualifying the regular judge by the allegation of prejudice, and another has been called·in to try the case, proceed to also disqualify and depose the latter by a like allegation. *State v. Greenwade*, 72 Mo. 298. (2) Section 1902 of the Revised Statutes, allowing the state fifteen peremptory challenges in all cities having a population of over one hundred thousand inhabitants, is not violative of section 53, article 4, of the constitution of the state, upon the ground, of being a special law. *State ex rel. Lionberger v. Tolle*, 71 Mo. 650; *State ex rel. v. Hermann*, 75 Mo. 340, and cases cited; *Ruther-*

*ford v. Heddens*, 82 Mo. 388; *Welker v. Potter*, 18 Ohio St. 85; *Wheeler v. Philadelphia*, 77 Pa. St. 338; *Com. v. Patton*, 88 Pa. St. 285. Section 1902, *supra*, is not in violation of section 1, article 14, of the constitution of the United States. The subject of peremptory challenge has always been under legislative control, and it is held by a long and unbroken line of decisions that the legislature has power, at all times, to increase or diminish the number of peremptory challenges to be allowed the state or the defendant in a criminal case. Thom, & Mer. on Juries, sec. 165, and cases cited under note 1; *Stokes v. People*, 53 N. Y. 164; *Walter v. People*, 32 N. Y. 147; *Com. v. Walsh*, 124 Mass. 32; *Hartzell v. Com.*, 40 Pa. St. 462.

SHERWOOD, J.—This cause is here for the second time. The result of the defendant's first appeal and our rulings then made, are reported in 81 Mo. 574 *et seq.* The defendant is charged in the indictment with the murder of Philip A. Mueller, and after our reversal of the judgment, has been tried again, the trial resulting in his conviction of and sentence for murder in the first degree, the second trial resulting in the same way as did the first one. This appeal presents but two points for consideration: First. Whether Judge Burton had jurisdiction to try the *cause;* second, whether section 1902, Revised Statutes, 1879, is a valid law.

I. Relative to the first point: The defendant, after the judgment of reversal and the cause was sent back for a new trial, withdrew his application for a change of venue, and subsequently filed his motion to set aside and vacate the order made by Judge Laughlin, appointing Judge Burton to hear and determine the defendant's application for a change of venue, and to try and determine the cause. This motion was denied, and properly denied. Section 1381, Revised Statutes, 1879, fully authorized the making of the order which the defendant

sought to have set aside. Judge Burton, by that order, being clothed with jurisdiction, retains that jurisdiction until the final determination of the cause. This is what the statute says in express terms, and so it was ruled when this cause was here before. *State v. Hayes, supra.* It follows, from these premises, that the withdrawal of the defendant's application for a change of venue did not divest Judge Burton of the jurisdiction with which he became invested in consequence of the order in that behalf previously made.

II.   The second point is equally clear. Section 1902 is valid, and not obnoxious to any objections on the score of being unconstitutional. It is not a special law, because it applies to all cities having a population of over one hundred thousand inhabitants ; applies as well to the *future* as to the *present*, and in this is plainly distinguishable from the "notary act" discussed in *State ex rel. Harris v. Hermann*, 75 Mo. 340. Nor does the section in question impinge upon the constitutional rights of the defendant by reason of giving the state the right, in certain localities, of peremptorily challenging a larger number of persons than it possesses in other localities. Such power, on the part of the state, does not, under the very terms of the section, diminish a defendant's right to the same number of challenges which he possesses alike in cities or in the country. If the section under discussion had deprived a defendant, when tried in a certain locality, of the usual number of peremptory challenges, a different question might have been presented, one not necessary to be now considered. This subject of the right of the state and of defendant to peremptory challenges, is fully discussed by a learned author and the cases which he cites. 1 Bishop on Crim. Proc., sec. 940, and cases cited. The views here expressed are in accord with those authorities.

Having discussed the only errors of which complaint is made, and finding them unfounded, it remains but to

say that the judgment is affirmed, and to order that the sentence of the law be carried into execution. All concur.