## THE STATE v. NEIDERER, *Appellant.*

1. **Practice, Criminal :** ELECTION OF SPECIAL JUDGE : TIE : CASTING VOTE. Where there is a tie in the election of a special judge, as provided by Revised Statutes, section 1878, the clerk shall give the casting vote.

2. ——— : PREJUDICE OF JUDGE : APPLICATION FOR CHANGE OF VENUE. An application for a change of venue in a criminal case, based upon the alleged prejudice of the trial judge, when not supported by the affidavits of two or more reputable persons, as required by Revised Statutes, section 1878, is properly overruled.

3. ——— : CONTINUANCE. Where the application of a defendant for a continuance in a criminal case, on the ground of the absence of material witnesses, is such as to authorize a continuance under Revised Statutes, section 1884, the prosecuting attorney cannot prevent the granting of the continuance by consenting that, on the trial, the facts set out in the application as those which defendant expected to prove by the absent witnesses, should be taken as and for the testimony of such witnesses. (*Affirming State v. Berkley,* 92 Mo. 41).

4. ——— : POWER OF SPECIAL JUDGE : SPECIAL GRAND JURY. A special judge elected to try a case, during the trial, and in relation thereto, is clothed with all the powers possessed by the judge of the court, and where, before the jury is empaneled, it is discovered that the indictment is lost, he can order a special grand jury and proceed to try the defendant upon the indictment returned by it into court. (Acts 1874, sec. 7, p. 99 ; *State v. Harris,* 73 Mo. 287).

*Appeal from Butler Circuit Court.*—GEORGE N. BOUGHTON, ESQ., Special Judge.

REVERSED AND REMANDED.

*Dinning & Byrns* for appellant.

(1) The special judge had no power to order a grand jury to investigate the defendant. (2) The regular judge of the court would have had no authority to order a special grand jury. R. S., sec. 1879. (3) The court

erred in not setting aside the verdict, because of the participation of the deputy sheriff in the deliberations of the jury. R. S., sec. 1910; *McDaniels v. McDaniels,* 40 Vt. 363; *Perkins v. Knight,* 4 N. H. 474; *Commonwealth v. Roby,* 12 Pick. 496; Graham & Waterman on New Trials, 309; *Hare v. State,* 4 How. [Miss.] 187; *March v. State,* 44 Tex. 83; *Kennedy v. The People,* 44 Ill. 283; *Horne v. State,* 37 Ga. 80; *Dempsey v. The People,* 47 Ill. 323. (4) The court erred in refusing defendant time in which to prepare his application for a change of venue, also his application for a continuance, and forcing him into trial in a new case, which the court was not elected to institute or try. *State v. Berkley,* 92 Mo. 41. (5) The court erred in allowing the state to prove, at the trial, a separate and distinct difficulty between the defendant and one Dalton. *State v. Thompson,* 30 La. 600; *State v. Greenwade,* 72 Mo. 298; *State v. Benton,* 15 N. H. 169; *McIntyre v. State,* 10 Ind. 26; *Smith v. State,* 10 Ind. 106; *State v. Fireline,* 19 Mo. 380; *State v. Reavis,* 70 Mo. 417. (6) The court erred in allowing the state to prove threats pretended to be made by the defendant against one of the witnesses, to the effect that he had a notion to, or ought to, cut the witness' throat. *State v. Freeman,* 3 Mo. App. 590; *Boswell v. State,* 35 Ind. 460. (7) The court erred in refusing to set aside the verdict because of the separation of the jury. (8) The court erred in allowing witnesses to testify to conditional threats against Johnston.

*B. G. Boone,* Attorney General, for the state.

NORTON, C. J.—Defendant was indicted in the Butler county circuit court, at its May term, 1885, for an assault with intent to kill one M. A. Johnston. The judge of said court, having been of counsel, ordered an election of a special judge to try the case, which the clerk thereupon held, and which resulted in a tie vote

between two of the attorneys voted for, whereupon the clerk cast his vote for George N. Boughton, one of the two attorneys, for whom the tie vote had been cast, and declared said Boughton elected special judge to try the cause. The defendant objected to said Boughton qualifying as special judge on the ground that the clerk had no right to vote. This objection was overruled and constitutes the first ground of alleged error. The objection was properly overruled, as by section 1878, Revised Statutes, 1879, it is expressly provided that if, in the election of a special judge, there is a tie, the clerk shall "give the casting vote."

The defendant then presented an application for change of venue, based upon the allegation that the special judge was prejudiced, and that the prosecuting attorney and witnesses had an undue influence over him. The action of the court in overruling the application is objected to as error. The change of venue was properly denied, if for no other reason than that defendant's application was not supported by the affidavit of two or more reputable persons not of kin to defendant, as required by section 1878, Revised Statutes, 1879.

The defendant presented an application for continuance on the ground that material witnesses, who had been subpœnaed, were not in attendance. The application fully set out what defendant expected to prove by the absent witnesses, and also such facts as to authorize a continuance under section 1884, Revised Statutes, 1879. The prosecuting attorney having consented that on the trial the facts set out in the application as the facts which defendant expected to prove by the absent witnesses should be taken as and for the testimony of such witnesses, the court thereupon overruled the application and ordered the trial to be proceeded with, and in so holding committed reversible error, under the ruling of this court in the case of *State v. Berkley*, 92 Mo. 41.

The State v. Neiderer.

The trial was being proceeded with, and before the jury was empaneled it was discovered that the indictment was lost, and thereupon the court ordered a grand jury to be summoned, and the jury, as summoned under this order, returned into court the indictment on which defendant was tried. This action of the court was objected to, the objection was overruled, and this is also assigned for error. The special judge elected to try the case, during the trial or hearing, and in relation thereto only, was clothed with all the powers possessed by the judge of said court (Revised Statutes, 1879, sec. 1879), and was authorized by section 7, Acts 1874, p. 99, to make the order he did. So much of that section as is pertinent is as follows : " Courts having civil and criminal jurisdiction shall have the power, whenever the petit jury shall have been discharged as hereinafter provided in this act, or whenever the grand jury shall have been discharged, and it shall become necessary to have another jury, to order and require the sheriff or other proper officer at the same term or session of said court, or at any adjourned or special term of such court, to summon from the citizens of the county having the requisite qualifications for jurors, a new panel of petit or grand jurors." See also *State v. Harris*, 73 Mo. 287.

For the error above noted the judgment will be reversed and cause remanded, in which all concur, except Sherwood, J., absent.