---

## EX PARTE CLAY.

1. **Practice, Criminal:** POWERS OF SPECIAL JUDGE: SECOND INDICTMENT FOR SAME OFFENSE: POWERS OF CIRCUIT JUDGE. Where a special judge has been agreed upon by counsel for the state and the defendant, and the cause continued, and at a subsequent term, and after the election of a new circuit judge, a second indictment is returned against the defendant for the same offense as that charged in the first, the newly elected judge has power to receive the indictment, determine whether it is for the same offense, quash the first indictment and take any other necessary steps to put the case in proper condition for trial.

2. ———: ———: ———: ———. The special judge has jurisdiction to try the cause on the second indictment; but his powers and duties are confined to the trial.

3. ———: ———: ———: ———. Whether or not the circuit judge erred in holding that the second indictment was for the same offense as the first can only be reviewed on appeal or writ of error, for which the writ of *habeas corpus* cannot be made a substitute.

*Habeas Corpus.*

WRIT DENIED.

*Stevens & Stevens, Keplinger & Hutchens, J. T. Sturges, O. L. Cravens* and *W. Cloud* for petitioner.

*John M. Wood,* Attorney General, and *Wm. Rush,* contra.

BRACE, J.—It appears from the return of John F. Shannon, sheriff of Newton county, that the petitioner is in his custody by virtue of a final judgment of the circuit court of said county sentencing him to imprisonment in the penitentiary for a term of nine years. If this were all that appeared in the return, the petitioner would necessarily have to be remanded under the provisions of Revised Statutes, 1879, section 2648. But it further appears from the return that the circuit court in which he was tried and sentenced was held and presided over by A. J. HARBISON acting as special judge, and not by the regularly commissioned and qualified judge of said court; and it is contended that the court thus constituted was not legally competent to try the cause in which the petitioner was indicted or to render judgment therein. It appears that at the November term, 1887, of the circuit court of Newton county, Judge McGREGOR, the regular judge of said court presiding, an indictment was returned by the grand jury of said county against the defendant for criminal fraud under Revised Statutes, 1879, section 1561, in obtaining property from one Eliza Splitlog. At the same term the petitioner was arrested, arraigned, pleaded not guilty, was recognized and the case went over to the next term. At the ensuing May term, 1888,

of said court, on the application of the petitioner, the case was continued to the next regular term; at the ensuing November term, 1888, the petitioner filed an application for a change of venue on the ground of prejudice of the regular judge. Thereupon, in accordance with the provisions of section 1880, Revised Statutes, 1879, the prosecuting attorney and the petitioner, by agreement in writing filed in said court, selected A. J. HARBISON, Esq., an attorney at law possessing the qualifications of a judge of the circuit court, to try said cause. Thereupon the said HARBISON took the oath required by law, and entered upon the discharge of his duties as special judge in said cause, and the case went over to the next term. At the unsuing May term, 1889, of said circuit court, Judge CRAVENS, the then regular judge thereof presiding, the grand jury presented a new indictment against the petitioner endorsed as follows: "State of Missouri v. Moses W. Clay. Indictment for obtaining a valuable thing by fraud, etc. Returned in lieu of the indictment heretofore filed on the nineteenth day of November, A. D. 1887. A true bill. DANIEL SHERER, Foreman Grand Jury."

Thereupon the court found that said new indictment was in lieu of said former indictment and was for the same offense, quashed the former indictment and held the petitioner to answer said new indictment. And afterwards at the same term, Special Judge HARBISON presiding, the petitioner was arraigned, and a plea of not guilty entered to said second indictment. And afterwards at the same term the cause coming on for trial in said court, said special judge presiding, the same was tried before him, the petitioner found guilty and his punishment assessed at imprisonment in the penitentiary for the term heretofore stated. Within four days thereafter, the petitioner moved for a new trial and in arrest of judgment. Pending the determination of these motions, the writ of *habeas corpus* herein was

sued out. Since the service of the writ, and before the amended return thereof, petitioner's motion for a new trial and in arrest of judgment was overruled and the petitioner sentenced as hereinbefore stated, and leave granted him to file bill of exceptions within thirty days, which period has not yet expired.

I. The circuit court of Newton county had exclusive jurisdiction to hear, try and determine the cause of the state of Missouri against the petitioner upon the criminal charge preferred against him in the indictment returned at the November term, 1887, thereof. The regular judge of said court having been disqualified under the law to try that cause, A. J. HARBISON was legally selected and qualified as special judge to hear and try the same (R. S. 1879, sec. 1880), and as such special judge, possessed during such trial or hearing, and in relation thereto, all the powers, and was charged with all the duties of the judge of said court. He had no power, however, to hear or try any other cause. Sec. 1879, *supra*. Having been clothed with authority to try the cause, such special judge retained jurisdiction thereof until its final determination, and his powers and duties ceased only upon the conclusion of the trial thereof. Sec. 1879, *supra; State v. Hays*, 88 Mo. 344. His jurisdiction to try the case would not be determined by a trial and final judgment where the judgment was reversed and the cause remanded for new trial. *State v. Sneed*, 91 Mo. 552. Nor where the original indictment was lost and a new indictment preferred for the same offense by another grand jury. *State v. Neiderer*, 94 Mo. 79. Nor where a new indictment for the same offense is preferred to remedy some defect in the original. In such case the second indictment "is not to be regarded as the institution of a new prosecution but as a continuation of the proceedings under the first indictment." *Sharpe v. Johnston*, 76 Mo. 660. The effect of the filing of such new indictment is to suspend the

former indictment for which the second indictment
becomes a substitute but not to terminate the criminal
prosecution pending thereon where the two indictments
are for the same offense or the same matter.   Sec. 1808,
*supra; State v. Vincent*, 91 Mo. 662.    The former
indictment is by operation of law superseded and goes
out of the case.    The case remains however, and when
it comes on for trial, the special judge selected for that
purpose has authority to try it.    The powers and duties
of the special judge however are confined to the trial of
the cause, and " in relation thereto only " has he the
power of the circuit judge.   Sec. 1879, *supra*.   All other
power in respect to the case remains in the circuit judge,
comprehended in which is the power to take all such
action in the case as is necessary to put the case in con-
dition for trial before the special judge, and in a case
where a second indictment is found the circuit judge
has power to receive the indictment, determine whether
it is for the same offense, and quash the former indict-
ment, or take any other necessary step to put the case
in proper condition to come on for trial in due and
timely order before the special judge.    *State v. Ander-
son*, 96 Mo. 241.   The remark in this last case " that it
became necessary to proceed with the second indictment
as if it had been a new prosecution," had reference to
the disposition to be made by the circuit judge of the
indictment and not of the case ; and to his action in
receiving the indictment and taking such action thereon
as was necessary to place that case in condition for trial
before a judge competent to try it, he being disqualified
from doing so.    That case is authority, if any other
than the statute were needed for the action of Judge
CRAVENS in the case of the petitioner on the return into
his court of the second indictment, but is no author-
ity for the position that Judge HARBISON had no power
to try the case upon such second indictment for the
same offense charged in the first.    From what has been

said, it appears that Judge CRAVENS had jurisdiction to determine whether the second indictment was for the same offense as the first, and that if the second was for the same offense as the first, Judge HARBISON had jurisdiction to try the cause.

But it is urged that Judge CRAVENS committed error in holding that the second indictment was for the same offense as the first. Conceding that he did so err, it was an error of the circuit court of Newton county properly constituted, having jurisdiction to determine the question and can be reviewed only on appeal or writ of error, for which the writ of *habeas corpus* cannot be made a substitute.

It follows that the motion of the petitioner to be discharged must be overruled and that he be remanded to the custody of the sheriff of Newton county, and it is so ordered. All concur, except SHERWOOD, J., absent.