The State v. Daugherty.

THE STATE v. DAUGHERTY, *Appellant.*

DIVISION TWO.

1. **Criminal Practice:** MALICIOUSLY KILLING MULE: PROOF OF VENUE. On a trial of an indictment for maliciously killing a mule, evidence that when the marks of the shot were first seen on him he was in the county of his habitat, and that he wandered home and died within a few hours, is sufficient to support a finding that he was shot in that county, though defendant lived about three miles distant, just over the line in another county.

2. ———: PROOF OF MATTERS OF RECORD. Matters of record cannot be proved by parol evidence.

3. ———: SECOND INDICTMENT. The effect of filing a second indictment is to quash the prior one. ( R. S., sec. 1808.)

4. ———: ———: JUDICIAL NOTICE. The filing of a subsequent indictment is a continuation of the same proceeding, and the court on the trial of the later one can take judicial notice of the prior one.

5. ———: JURY: HARMLESS ERROR. The fact that after the jury had reported that they could not agree, the court stated to it orally "that if it was about the punishment they could not agree, to return a verdict and the court would fix that matter," will not be deemed prejudicial error, where the jury did not follow the instruction, but returned a verdict fixing the defendant's guilt and punishment.

*Appeal from Ozark Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

The State v. Daugherty.

*M. B. Clarke* for appellant.

(1) There was no evidence, whatever, showing that the offense was committed in Ozark county. *State v. Hughes*, 82 Mo. 86; *State v. McKay*, 20 Mo. App. 149. (2) The proof shows that the offense was committed in 1882; the indictment alleges that it was committed in 1883; while the indictment was not found till the October term, 1888, more than three years after the commission of the offense charged, and, in order to avoid the statute of limitations, set out that other indictments, which had been quashed or set aside, have been pending during a part of that time. In order to prove this allegation, the state was permitted, over the objection of the defendant, to introduce the oral testimony of James L. Davis, the former prosecuting attorney of Ozark county. This was error. The returning into court of such former indictments, and the action of the court in quashing, or otherwise disposing of, the same, were matters of record, and could only be proven by the record itself. Roscoe's Crim. Ev. [8 Ed.] p. 1; Wharton's Crim. Ev. [8 Ed.] p. 129, bottom; *Graham v. O'Fallon*, 3 Mo. 509; *State v. Edwards*, 19 Mo. 674; Greenleaf on Ev. [13 Ed.] p. 107. (3) The court committed prejudicial error in orally instructing the jury when they came into court, and said they could not agree, "that if it was about the punishment they could not agree, to return a verdict and the court would fix that matter." The instruction did not properly declare the law. 7 Mo. 502. The court had no right to instruct the jury except in writing. The jury might very well have inferred, from the language of the court, the defendant was guilty, and that the only question upon which the jury had any reason to deliberate was the amount of punishment to be inflicted.

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges the offense under section 1374, Revised Statutes, 1879, and sets forth the facts which avoided the barring by the statutes of limitation. *State v. Meyers*, 68 Mo. 266. (2) The offense was not barred. *First.* Because there was an indictment pending. R. S. 1879, sec. 1707. *Second.* Because the testimony shows that defendant had fled from justice. R. S. 1879, sec. 1706; *State v. Harvell*, 89 Mo. 588. (3) No error prejudicial to defendant was committed by admitting the testimony of Davis, as the evidence relating to the pendency of the indictment appeared from the records in the case, and also from the indictment on which defendant was being tried. (4) There is no evidence to support the seventh, eighth and ninth allegations in the motion for a new trial, and they cannot be considered. *State v. McDaniel*, 94 Mo. 301. (5) The instructions properly declared the law: *First.* That the jury were the judges of the testimony, and, if they believe that any witness wilfully swore falsely to any material matter, they were at liberty to disregard all or any part of said witness' testimony. *Second.* As to the offense charged, section 1374, Revised Statutes, 1879. See also authorities cited in paragraphs 1 and 2 of this brief. *Third.* As to the admission and statements made by the defendant. *State v. Peak*, 85 Mo. 190; *State v. Carlisle*, 57 Mo. 102. The fourth asserts a proposition of law well established. The fifth, defining "maliciously," is correct. R. S. 1879, sec. 1376. The third instruction asked by defendant was clearly wrong and properly refused by the court. Defendant could have taken up the animal if it was injuring his crops.

THOMAS, J.—Defendant was indicted in the Ozark circuit court for wilfully and maliciously killing a

The State v. Daugherty.

mule, and having been found guilty thereof upon trial had, and sentenced to imprisonment in jail for six months and to pay a fine of $50, appealed to this court.

I. The first contention, for a reversal of the judgment is, that there was no evidence whatever that the offense was committed in Ozark county. It appears from the record that James A. Baker, who owned the mule that was killed, lived in Bakersfield, Ozark county, Missouri, and that defendant lived about three miles from Bakersfield "just over the line" in Howell county; how far from the line does not appear. The mule came home and died in a few hours, having been shot in the right side with small shot. The court instructed the jury that they should acquit the defendant, unless they found beyond a reasonable doubt, that he shot the mule in Ozark county. The only question for us, therefore, to determine, was there sufficient evidence to go to the jury as to the venue? "Proof of the venue as laid in the indictment, like any other material allegation, needs not be established by express and positive testimony, but it is sufficient if the circumstances in evidence tend to the conclusion in a manner satisfactory to the jury, that the place of the crime corresponds with that set forth in the indictment. *State v. McGinniss*, 74 Mo. 245, and cases cited ; *Commonwealth v. Costley*, 118 Mass. 1 ; *Beavers v. State*, 58 Ind. 530.

There was no evidence whatever as to where the mule was when he was shot, but when the wounds on him were first seen he was in Ozark county, and he died in that county. That was his habitat and we think it was a question for the jury from all the circumstances to say whether the mule was shot in that county or not.

II. The second contention is that the court erred in refusing to sustain a demurrer to the evidence on the ground, that the proof showed that the offense was barred by the statute of limitations. The offense was committed in the fall of 1882, and the indictment on

which the conviction was had was found in October, 1888. This indictment avers, however, that at the April term of the circuit court of Ozark county, 1883, an indictment was duly presented by the grand jury for the same offense, "which indictment was at the April term of that court, 1888, quashed," and defendant held to answer another indictment for the same offense. Over the objection of defendant the court permitted the state to prove by parol testimony that an indictment was presented in April, 1883, and that it was quashed in April, 1888. This was clear error. Such facts can be proved by the record alone. Roscoe's Crim. Ev. [8 Ed.] 1; Wharton's Crim. Ev. [8 Ed.] 129; *Graham v. O'Fallon*, 3 Mo. 509; *State v. Edwards*, 19 Mo. 674; Greenleaf on Ev. [13 Ed.] p. 177.

But the record, sent up by the clerk, contains an indictment presented and filed April 18, 1883. The record also shows that on April 11, 1888, defendant filed his motion to quash this indictment. On April 13, 1888, the grand jury returned a second bill for the same offense. The case was then continued to the October term. On the second day of the October term, defendant filed a motion to quash the indictment, and, on the third day of that term, the grand jury returned the third bill of indictment against defendant for the same offense, and on the fourth day of the term the motion to quash the indictment filed at the April term was sustained. The record does not show what disposition was made of the motion to quash the first indictment, but this is immaterial as the effect of the second indictment was to quash the first. R. S. 1879, sec. 1808; *State v. Vincent*, 91 Mo. 662.

The first indictment and the subsequent orders of the court in reference thereto were not offered and read in evidence. Are they then in the record proper so that we may consider them in the determination of the case? We think they are. The filing of the second

indictment and the quashing of it did not terminate the criminal prosecution. The third indictment was a continuation of the proceedings under the first. *Ex parte Clay*, 98 Mo. 578; *State v. Neiderer*, 94 Mo. 79; *State v. Hayes*, 88 Mo. 344; *State v. Sneed*, 91 Mo. 552; *Sharpe v. Johnston*, 76 Mo. 660. And courts will take judicial notice of their own records in a case. *State v. Jackson*, *ante*, p. 175, and cases cited. Hence it was the duty of the court to have informed the jury by written instructions when the first indictment was filed, and that, if the offense was committed within three years prior to that date, it was sufficient; but instead of doing this the court instructed the jury, that if they found from the evidence that defendant was indicted at the April term of the court, 1883, for killing the mule in question, and that the said indictment was quashed at the April term, 1888, and that if they further found that defendant, at Ozark county, Missouri within three years prior to April 18, 1883, wilfully, maliciously and feloniously shot and killed the mule, then they should convict him. This instruction, having confined the jury to three years prior to April 18, 1883, the date of the filing of the first indictment, was not rendered defective, because it also submitted to the jury a question of fact, that the record clearly showed, and which, therefore, it was the duty of the court to determine.

After the jury had retired to consider of their verdict, they returned into court and reported that they could not agree, whereupon the court stated to them orally, "that if it was about the punishment they could not agree, to return a verdict and the court would fix that matter." The defendant saved his exceptions to this action of the court, and now urges it as reversible error. This could not, however, have operated to the prejudice of defendant for the reason that the jury did not follow this instruction of the court, but returned a verdict fixing not only defendant's guilt but his punishment also. It is insisted in this connection that the jury might very

well have inferred from the language of the court, that defendant was guilty and the only question the jury had any reason to consider was the amount of his punishment. The court used the word "if," and we cannot perceive how a juror, who has intelligence enough to sit in the trial of a case, could have inferred that the judge meant to intimate to them that he thought the defendant guilty.

The judgment, with the concurrence of the other judges of this division, is affirmed.