THE STATE v. HIGGERSON, *Appellant.*

Division Two, May 31, 1892.

110 213
129 625
130 458
110 213
97a 1302

1. **Special Judge, Powers and Duties of:** CHANGE OF VENUE. A special judge, chosen to try a criminal cause, becomes, upon his election, judge of the judicial circuit as to such cause, and he has jurisdiction to try it in any county in the circuit to which he may have sent it by change of venue.

2. ———: ———. Unless such special judge, after awarding a change of venue, refuses to act, there is no authority for the election of another special judge.

3. **Criminal Practice:** CHANGE OF VENUE : AFFIDAVIT. When an application for a change of venue to another circuit is supported by an affidavit of prejudice of the people of the county, the cause is properly sent to some other county in the same circuit.

4. ———: ———: SPECIAL JUDGE. A special judge, duly elected, has jurisdiction not only to try the cause, but to dispose of all proceedings growing out of or incident to it, among which should be classed an application for a change of venue on account of the prejudice of the people of the county.

*Appeal from Moniteau Circuit Court.*—HON. JAMES E. HAZELL, Judge.

REVERSED AND REMANDED.

*John Cosgrove* and *James H. Johnston* for appellant.

(1) The regular judge of the Cooper circuit court alone had jurisdiction to pass upon defendant's application for a change of venue. *State v. Anderson*, 96 Mo. 245. (2) The state is not entitled to a change of venue which it, in effect, took from special Judge HUTCHINSON to special Judge HAZELL. There could be but one change. *State v. Anderson*, 248. (3) The application was not in proper form. R. S., sec. 4174. (4) The special election held by the clerk was error. *State v. Bulling*, 100 Mo. 87, and cases cited.

*John M. Wood*, Attorney General, for the State.

(1) · The election of Special Judge HUTCHINSON was proper. *State v. Bulling*, 100 Mo. 87. (2) The election of Hon. JAMES E. HAZELL as special judge was proper and regular. R. S., sec. 4174; *State v. Shipman*, 93 Mo. 147; *State v. Hayes*, 81 Mo. 574; *Ex parte Clay*, 98 Mo. 578. (3) The objection to the introduction of any evidence under the indictment upon the ground that JAMES E. HAZELL, the special judge, had no jurisdiction to try the case, and that the court was not properly held and had no jurisdiction, was out of time, and properly overruled. *State v. Risley*, 72 Mo. 609; *State v. Meyers*, 99 Mo. 107.

THOMAS, J.—The defendant was indicted in the circuit court of Cooper county for a felonious assault, at the July term thereof for 1889. At the November term of the court, defendant filed an affidavit supported by the affidavits of two reputable persons, not of kin to or counsel for him, charging that the minds of the inhabitants of Cooper county were so prejudiced against him he could not have an impartial trial therein, and that the judge of the court was prejudiced against him, and for that reason he could not have a fair trial therein, and asked that the venue be changed to the circuit court of some other circuit, where such prejudice did not exist. Thereupon the court made an order for the election of a special judge to try the case and to determine defendant's application for a change of venue, and H. A. HUTCHINSON was duly elected, took the oath required by the statute, and awarded defendant a change of venue to the circuit court of Moniteau county in the same circuit. The cause was continued at the March term of the circuit court of the latter county for 1890, the regular judge presiding.

At the September term of the court an order was made by the clerk of the court on motion of the prosecuting attorney, for the election of another special judge to try the case, which order recited that it was alleged that H. A. HUTCHINSON, who was elected special judge in Cooper county, and who had awarded a change of venue in the case to Moniteau county, was disqualified, and had no jurisdiction to try the case, and thereupon Hon. JAMES E. HAZELL was duly elected special judge to try the case, the defendant objecting at the time to the proceeding.

Mr. HAZELL duly qualified and proceeded to try the case, to which defendant objected for the reason as he alleged that said HAZELL had no jurisdiction in the premises. This objection being overruled, the defendant excepted.

The defendant was convicted and sentenced to imprisonment in the county jail for a term of five months, and to pay a fine of $350.

Had Judge HAZELL jurisdiction to try the case, is the controlling question presented on defendant's appeal. After a careful examinations of the sections of the statute and the former adjudications of this court on the subject of change of venue on account of the prejudice of the judge, we are constrained to answer the question in the negative. Judge HUTCHINSON, when elected and qualified as special judge, became the judge of the circuit court of the first judicial circuit *as to this case*, and he had jurisdiction to try it in any court in that circuit to which he sent it by change of venue.

The attorney general quotes section 4176, Revised Statutes, 1889, which provides that "such special judge shall possess, during such trial or hearing, and in relation thereto only, all the powers, perform the duties and be subject to the same restrictions as the judge of said court, but shall have no power whatever in any

other cause than the one specified in the order of record," and insists that "the powers of such special judge are restricted and limited to those of the judge of *said court*, which, in this case, was the Cooper county circuit court, where the order was made, and his election took place. Nowhere is he given the powers and jurisdiction of the judge of the circuit court or of any other court in the circuit with respect to such case. Nowhere is it provided that, in the event of a change of venue, it shall be his duty to follow and try the case in the county to which the same was sent."

We do not concur in this argument. The court referred to in the section quoted is the circuit or criminal court. The circuit court is only one court, holding terms at different points, and at different times in the same circuit. The circuit court that sits in Cooper county is the same court that sits in Moniteau county. The regular judge is the judge of the circuit, and, as such, has jurisdiction to hold court in the counties of the circuit, the language of the constitution being that "*the circuit court* shall have jurisdiction, etc., and shall hold *its terms* at such times and places in each county as may be directed by law." In no proper sense can it be said that the circuit court sitting in Cooper county is a different court from the one that sits in Moniteau county.

It was held in the case of *State v. Neiderer*, 94 Mo. 79, that a special judge, elected under the provisions of our criminal code to try a criminal case, has jurisdiction to impanel a special grand jury to indict the defendant when it appears the first indictment is lost. In *Ex parte Clay*, 98 Mo. 578, it was held that a continuance of a case and the finding and return of a new indictment before the regular judge did not oust the jurisdiction of the special judge, but, "having been clothed with power to try the cause, he retained jurisdiction

The State v. Higgerson.

until its final determination and his powers and duties ceased upon the conclusion of the trial. His jurisdiction to try the case would not be determined by a trial and final judgment when the judgment was reversed and the cause remanded for new trial. *State v. Sneed*, 91 Mo. 552."

There is no provision of the statute for the election of a second special judge, except upon the refusal of the first one to act. But it is argued that, as section 4178, *supra*, provides specifically that, when the judge of another circuit is called in, upon the disqualification of the regular judge in a given case, and a change of venue is awarded to another county in the same circuit, it shall be the duty of the judge to appear and try the case in the court to which it is sent, the legislature did not intend to authorize a special judge to follow and try a case under such circumstances upon the maxim, *Expressio unius est exclusio alterius.* But we think this provision was inserted not so much for the purpose of clothing the judge called in *with jurisdiction* to try the case in the court to which it is sent on a change of venue, as it was to make it his *duty* to do so. When this requirement was inserted in the section by way of amendment in 1887, provision was also made for paying the judge, so called in, $5 per day and expenses; but the special judge is allowed no pay, and, hence, the legislature refrained, and very properly, too, from making it the *duty* of a special judge to follow the case and try it in the court to which it is sent. After the extract above referred to, a proviso is added "that if any person elected as such special judge shall refuse to serve, or if the judge so requested shall fail to appear and hold the court at the time appointed for the trial of said cause, the judge of said court shall reset said cause for trial and proceed to the election of a special judge to try said cause or may notify and request the judge

of some other circuit to appear and try said cause as heretofore provided."

The special judge may refuse to act which would be tantamount to a resignation, and in such event the court should proceed to the election of another special judge to try the case. But in the case at bar it seems the regular judge of the circuit made no orders in regard to it, except to continue it at the March term, and what was done at the September term in regard to the election of another judge was done by the clerk. The clerk decided that Judge HUTCHINSON was disqualified and held another election. This we think he had no power to do. It may be that Judge HUTCHINSON did refuse to serve, but that fact does not appear by this record, and until that fact does appear of record he could not be displaced either by the clerk or the court, and it follows that the election of Judge HAZELL was void, and, therefore, he had no authority to try the case.

We will add that we think the case was regularly sent to Moniteau county by Judge HUTCHINSON, though defendant in his application asked to have it sent to some other circuit, and did not ask to have it sent to some other county in the same circuit. The affidavit entitled defendant to a change of venue, but it being against the people of Cooper county alone the court was required to send the case to some other county in the *same* circuit. Criminal Code, sec. 4152.

And Judge HUTCHINSON had jurisdiction to dispose of the application for a change of venue on account of the prejudice of the people, though the affidavit failed to state that the regular judge would not impartially decide such application. When the proper affidavit charging the judge with prejudice was filed it was the duty of the court to enter that fact of record, and to make an order for the election of a special judge or to call in the

judge of another circuit to dispose of the case, and, when the special judge was elected under the order of the court in this case, he had jurisdiction not only to try it but also to dispose of all proceedings growing out of or incident to it, among which the application for a change of venue on account of the prejudice of the people should be classed.

The judgment will be reversed and the cause remanded with directions that Judge HUTCHINSON try the case, or, if he refuse to serve, that the court, presided over by the regular judge, proceed to order the· election of another special judge, or to request the judge of another circuit to try the case as provided by statute. All concur.