## STATE OF MISSOURI, Respondent, v. WILLIAM E. GILHAM, Appellant.

**St. Louis Court of Appeals, December 16, 1902.**

1. **Criminal Law: CRIMINAL PRACTICE: DISQUALIFICATION OF TRIAL JUDGE: STATUTORY CONSTRUCTION.** The regular judge of a circuit court, under the provisions of section 2597, Revised Statutes 1899, has a right to decline to preside at the trial of a case for any of the causes mentioned in section 2594, if he is conscious of the existence of any cause which disqualifies him.

2. ——: ——: ——: AGREEMENT TO SELECT SPECIAL JUDGE. The right given the defendant and prosecuting attorney, with the approval of the court, to elect some attorney at law by agreement in writing is permissive only, and in the absence of a showing to the contrary, it will be presumed the right was not exercised.

State v. Gilham.

3. Special Judge, How Selected: CRIMINAL PRACTICE. Under section 2597, Revised Statutes 1899, providing that if in any case the judge shall be incompetent to sit, and no person to try the cause will serve when elected as special judge, the judge of said court shall in either case set the cause down for trial, and request the judge of some other circuit to try the cause.

4. ———: ———. A special judge, called to try a criminal case by the regular judge of the circuit thereof who was disqualified, has the same powers as a regular judge, under sections 2595 and 2597, Revised Statutes 1899, which empower a regular judge of the circuit court to pass upon an application for a change of venue, and to request another judge to serve if the application is granted.

Appeal from St. Louis Court of Criminal Correction.— *Hon. John W. McElhinney,* Special Judge.

AFFIRMED AND TRANSFERRED TO SUPREME COURT.

*Thomas J. Rowe* and *Paxton & Clark* for appellant.

Judge McElhinney had no jurisdiction to try this cause, and any judgment entered under his supervision has no more validity than one rendered in a moot court of any law school. Section 2597, R. S. 1899; State v. Shipman, 93 Mo. 157; State v. Bulling, 105 Mo. 204.

*H. A. Clover, Dodge & Mulvihill* and *Thos. B. Harvey* for respondent.

The only proposition seriously contended for by appellant in his brief is that Judge McElhinney was not invested with jurisdiction to try the cause; and appellant cites nine Missouri cases, not a single one of which is in point or sustains his contention. (2) Was Judge McElhinney clothed with jurisdiction? The steps by which such jurisdiction was conferred were as follows: The incumbent judge, the Hon. Willis H. Clark, voluntarily entered an order disqualifying himself, and notified and requested the Hon. E. M. Hughes to try the case; and upon Judge Hughes' failing to appear to

try the case, Judge Clark then notified and requested Hon. J. T. Neville to appear and try the case, who did appear and assume jurisdiction over the cause and upon defendant filing a plea in abatement, denied the same, ordered a jury, etc.; and thereupon the defendant filed affidavit under section 2594, Revised Statutes 1899, disqualifying Judge Neville, and thereupon Judge Neville made an order notifying and requesting the Hon. J. W. McElhinney to appear and try the cause, who did appear at the time requested, assumed jurisdiction and tried the cause with a jury. (3) We insist that Judge McElhinney was fully vested with jurisdiction. There can be no question about the propriety of Judge Clark's order disqualifying himself under section 2595, Revised Statutes 1899; and the order need not state the reason nor ground of such disqualification. State v. Newsum, 129 Mo. 159; State ex rel. v. Wear, 129 Mo. 624.

GOODE, J.—On December 5, 1900, an information was filed against the appellant in the St. Louis Court of Criminal Correction charging him with a criminal offense. Subsequently an amended information was filed. On the said fifth day of December, the date of the filing of the first information, Honorable Willis H. Clark, the regular judge of said court, voluntarily disqualifying himself to try the cause against the appellant and called in Judge E. M. Hughes of the Eleventh judicial circuit to try it. As Judge Hughes failed and refused to sit, Judge Clark called in Judge Neville of the Twenty-third judicial circuit, the appellant objecting and excepting to that order.

Afterwards on February 28, 1901, affidavits were filed by the appellant disqualifying Judge Neville; whereupon on the same day that judge made an order calling in Hon. J. W. McElhinney of the Thirteenth judicial circuit to sit in the case, to which order the appellant at the time objected and excepted.

The cause was tried before Judge McElhinney, the

defendant found guilty and his punishment assessed at $200, from which judgment he appealed.

The authority of Judge Clark to call in Judge Neville after the first-named judge had disqualified himself, and also of Judge Neville after he was disqualified by affidavits filed by the appellant, to make an order calling in Judge McElhinney, are both questioned, as is the jurisdiction and authority of Judge McElhinney to proceed in the case. The decision of these questions turns on the construction of the statutes relating to changes of venue generally, and those relating especially to changes of venue in criminal cases.

Unquestionably the regular judge of the court had a perfect right to decline to preside at the trial if he was conscious of the existence of any cause which disqualified him, and it was his duty in that event to decline to preside. R. S. 1899, sec. 2595.

He likewise had the power to call in the judge of some other circuit, and we think the proper construction to be given to the statute now in force is, that he could do this without previous proceedings in the way of electing or agreeing on a judge.

Section 2597 (R. S. 1899), so far as it is pertinent to the matter in hand, reads as follows:

"If, in any case, the judge shall be incompetent to sit for any of the causes mentioned in section 2594, and no person to try the case will serve when elected as such special judge, the judge of said court shall, in either case, set the cause down for trial on some day of the term, or on some day as early as practicable in vacation, and notify and request the judge of some other circuit to try the cause; and it shall be the duty of the judge so requested to appear and hold the court at the time appointed for the trial of said cause; and he shall, during the trial of said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court, and may adjourn the case from day to day, or to some other time, as the exigencies of the case may require, and may grant a change of venue in said cause to the circuit court of another county in the

same circuit, or to another circuit; and whenever said cause shall be removed to the circuit court of another county in the same circuit, it shall be the duty of the judge so requested to appear and hold the court at the time set for the trial of said cause in the circuit court of the county to which said cause shall be removed; *provided,* that if the person elected as such special judge shall refuse to serve, or if the judge so requested shall fail to appear and hold the court at the time appointed for the trial of said cause, the judge of said court shall reset said cause for trial, to suit the convenience of the judge so requested to try said cause, or may notify and request the judge of some other circuit to appear and try said cause, as heretofore provided. Should said judge so requested fail to appear and hold the court at the time appointed for the trial of said cause, the judge of the court shall order a change of venue in said cause to some other circuit. Said order may be made in term time, or by the judge of the court in vacation, by an order in writing, which the judge shall file with the clerk of the court in which such cause is pending.''

Appellant contends that by virtue of that statute a special judge must have been elected and have refused to act before the regular judge had authority to call in the judge of another circuit. That was the construction given to the statutes bearing on changes of venue generally and those regulating it in civil cases (which, as to the point involved, seems not to have differed materially from the statutes regulating that proceeding in criminal cases) as they stood prior to their amendment in 1895. State ex rel. v. Bacon, 107 Mo. 627. But, as the law then stood, an election by the members of the bar was provided for in case the regular judge was disqualified; and the judge of another circuit could not be called in except on the refusal of an elected special judge to preside, or unless in the opinion of the regular judge no suitable person could be elected. Now, however, the only election provided for by the statutes is either the election, if such it may be called, spoken

of in section 2594, by agreement in writing of the prosecuting attorney and the defendant with the concurrence and approval of the court; or, under section 1679, by the members of the bar, the last-mentioned section applying, as has been ruled, to both civil and criminal cases. State v. Downs, 164 Mo. 471.

But there was no statute in force when this case was tried making the election of a special judge to try the cause in which the regular judge was disqualified, mandatory; at least in such sense that the record must affirmatively show the statute was complied with by electing one. State ex rel. v. McKee, 150 Mo. 233; State v. Wear, 129 Mo. 619; Id., 145 Mo. 162; State v. Newsum, 129 Mo. 154. The right given defendant and prosecuting attorney, with the approval of the court, to elect some attorney at law by agreement in writing, has been ruled to be permissive and in absence of a showing to the contrary, it will be presumed the right was not exercised. State ex rel. v. McKee, State v. Wear, supra. We hold that the order of the regular judge of the court of criminal correction requesting Judge Neville to try the case after Judge Hughes refused to do so, was valid.

It is contended that Judge Neville had no power to ask Judge McElhinney to sit after he (Neville) was disqualified by the affidavits of the appellant and compurgators and our first opinion, based on certain remarks of the Supreme Court in the cases of State v. Silva, 130 Mo. 440, and State v. Hudspeth, 159 Mo. 178, was that this point was well taken. But on further reflection two of us have concluded that we misconstrued the language of the Supreme Court in those cases, wherein it was decided that the special judges first requested to sit had no power to call in other special judges in lieu of themselves, and that the requests to the second special judges were rightly made by the regular judges of the courts wherein the cases were pending—that the latter had power to make those requests and the first special judges had not. But we failed to note closely the circumstances with which the Supreme

Court was dealing. In the Silva case Judge Hirzel, who was first asked to preside as special judge, refused to qualify, and in the Hudspeth case, Judge Shackleford did qualify and preside at one trial, but the case was reversed on appeal and in the meantime he had resigned the office of circuit judge. Judge Hirzel's refusal to qualify was held equivalent to a resignation; and it was in view of the fact that he never took hold of the Silva case and of the fact that Judge Shackleford lost the right to act in the Hudspeth case by resigning his office, that the Supreme Court said those two special judges were powerless to request other judges to preside and that, therefore, *ex necessitate,* such request had to be preferred by the regular judges of the courts where the cases were. The present case is distinguished from the Silva case by the fact that Judge Neville qualified, and from the Hudspeth case by the fact that he was still circuit judge when it became necessary to call in another special judge to take his place.

We think the inability of Judges Hirzel and Shackleford to request any one else to sit in their stead was due to the circumstances mentioned, and that a similar inability does not attach generally to all special judges. Those officers have been construed to have, *pro hac vice,* the same powers a regular judge has. State v. Hayes, 88 Mo. 344; State v. Higgerson, 110 Mo. 213; Rawlins v. Timons, 80 Mo. App. (K. C.) 84; Dawson v. Dowson, 29 Mo. App. (St. L.) 521. By section 2595 of the Revised Statutes of 1899, one of the powers of the regular judge of a circuit court is to pass upon an application for a change of venue on account of his alleged prejudice; while by section 2597 he is empowered to request another judge to sit if he grants the application; if the application happens to be made to a special judge, he should have equal authority to act in the matter. The power of either a regular or a special judge, after disqualification, ought to extend at least to procuring a successor to try the case; and it seems to extend no further. State v. Shipman, 93 Mo. 147; State v. Schaffer, 36 Mo. App. (K. C.) 589.

As Judge Neville qualified and assumed jurisdiction of the case against the defendant, we hold his order, made on granting the appellant's application for a change of venue, asking Judge McElhinney to try the case, was legal.

Testimony to prove the appellant guilty of the offense he was accused of was abundant, and the instructions requested to the effect that there was no such evidence, and that the jury should acquit him, were justly refused.

The points already treated are those mainly relied on for a reversal; so, without setting out the instructions at length, we state that the rulings on them meet our approval.

The judgment is, therefore, affirmed. *Barclay, J.,* concurs; *Bland, P. J.,* dissents on the ground that he deems the decision in conflict with the decisions of the Supreme Court in State v. Silva, and State v. Hudspeth, supra, and with section 1682, Revised Statutes 1899. The cause is therefore certified to the Supreme Court.